IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:26-cv-06823 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| AMERICAN AIRLINES, INC. | ) | |
| AND BRETT BILLINS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has reviewed plaintiff's motion for leave to proceed under a pseudonym, (Dckt. #1-2), and related memorandum of law, (Dckt. #1-3). For the reasons explained below, the Court grants plaintiff's motion.

Plaintiff alleges that on June 27, 2024, Brett Billins ("Billins") sexually assaulted her while seated near her on American Airlines Flight 6046 departing Chicago O'Hare International Airport and arriving at Dayton International Airport. (Dckt. #1 at 1). Specifically, plaintiff alleges that "[d]uring the flight, Billins reached over while [plaintiff] was turned away, and grabbed and squeezed her breast, then proceeded to move his hand down to her stomach. [Plaintiff] screamed at Billins to[ ] 'Please stop doing that!'" (*Id.*). Billins was charged by criminal information and pled guilty to simple assault in the Southern District of Ohio. *United States v. Billins*, No. 3:25-CR-17 (S.D.Ohio Jan. 14, 2026) (judgment entry). Plaintiff now sues American Airlines, Inc. for negligence; both defendants for violation of the Illinois Gender Violence Act; Billins for battery; and American Airlines, Inc. for fraudulent concealment. (Dckt. #1 at 12–23).

Plaintiff has also moved for leave to proceed under the pseudonym, "Jane Doe," on the basis that "allegations contained in the Complaint involve matters of an exceptionally sensitive and personal nature, including allegations of sexual assault and the resulting emotional and psychological trauma." (Dckt. #1-2 at 1). She states that "[p]ublic disclosure of [her] identity would expose her to further humiliation, embarrassment, and emotional harm and would undermine the very privacy interests this action seeks to vindicate." (*Id.*). She also states that her interests "substantially outweigh any presumption of public access to her identity" and that "the public's interest in these proceedings will not be impaired by permitting [her] to proceed under a pseudonym because the facts and legal issues presented will remain fully accessible." (*Id.* at 1–2).

Although "[t]he norm in federal litigation is that all parties' names are public," the Seventh Circuit, like other courts, has "afforded district judges discretion to permit

1

pseudonymous litigation when the balance of harms justifies it." *Doe v. Trs. of Indiana Univ.*, 101 F.4th 485, 491, 492 (7th Cir. 2024), *cert. denied sub nom. Doe v. The Trs. of Indiana Univ.*, 145 S.Ct. 546 (2024). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). There is "room to proceed under a pseudonym if a party can show a 'substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court.'" *Doe v. Univ. of S. Indiana*, 172 F.4th 511, 514 (7th Cir. 2026), *quoting Trs. of Indiana Univ.*, 101 F.4th at 491.

Courts within this Circuit have repeatedly exercised their discretion to approve the use of a pseudonym to protect the identity of alleged victims of sexual assault such as the plaintiff in this case. *See, e.g.*, *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 914 (7th Cir. 2024) ("Courts often extend the protection of anonymity to victims of sex crimes . . ."); *Roe v. United States*, No. 26-CV-504-PP, 2026 WL 1346490, at *1 (E.D.Wis. May 14, 2026) ("The Seventh Circuit Court of Appeals has recognized that victims of sexual assault are among those who may appropriately proceed under a pseudonym."); *Doe 1 v. Butler Univ.*, No. 1:23-CV-01302-JRS-MKK, 2025 WL 3749963, at *6 (S.D.Ind. Dec. 29, 2025) (affirming magistrate judge's order allowing victims to proceed under pseudonym in case involving sexual assault allegations); *Soto v. Galloway*, No. 1:22-CV-04538, 2025 WL 552526, at *1 n.2 (N.D.Ill. Feb. 19, 2025) ("Because they are victims of sexual assault, and were minors at the time of the offenses, it is proper to use pseudonyms."); *Doe v. Ahrens*, No. 25 C 02565, 2025 WL 2301391, at *1 (N.D.Ill. July 30, 2025) ("Pseudonyms may also be allowed in cases involving victims of sex crimes."); *Doe I v. S. Madison Cmty. Sch. Corp.*, No. 1:24-CV-00476-SEB-KMB, 2024 WL 4476294, at *3 (S.D.Ind. Oct. 11, 2024) (citing *Loyola University Chicago* to conclude that "Jane Doe II's status as an alleged sexual assault victim warrants additional privacy protections, such that the Court will allow her to proceed as requested under the pseudonym 'Jane Doe II.'").

Courts have recognized that the "public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights . . . ." *Doe v. Cook Cnty., Illinois*, 542 F.Supp.3d 779, 788 (N.D.Ill. 2021) (cleaned up). Moreover, defendants will suffer no prejudice if plaintiff uses a pseudonym because she is "willing to disclose her true identity to Defendants pursuant to a mutually agreeable confidentiality agreement or protective order," (Dckt. #1-2 at 2), and the Court will ensure that defendants are permitted to obtain the discovery necessary to defend themselves. For these reasons, the Court, in its discretion, grants plaintiff's motion to proceed under a pseudonym.

**Date: July 10, 2026**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

2